AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

Case 3:21-mj-05099-DWC   Document 1   Filed 05/12/21   Page 1 of 10

FILED _____ LODGED
_____ RECEIVED
May 12, 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
The Person of ESMERALDA LYNN LOPEZ LOPEZ ) Case No.  MJ21-5099
Located at Washington State Correction Center for Women, )
9601 Bujacich Road NW, Gig Harbor, WA and the )
collection of buccal swab samples of DNA. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The Person of ESMERALDA LYNN LOPEZ LOPEZ Located at Washington State Correction Center for Women, 9601 Bujacich Road NW, Gig Harbor, WA.

located in the      Western      District of      Washington     , there is now concealed *(identify the person or describe the property to be seized)*:

The collection of buccal swab samples of DNA.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1204(a) | International Parental Kidnapping |

The application is based on these facts:

✓ See Affidavit of AdriAnne Carrier, Special Agent FBI continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

AdriAnne Carrier, Special Agent FBI
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:   05/12/2021

*Judge's signature*

City and state:  Tacoma, Washington      David W. Christel, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF WASHINGTON   )
                      )  ss
COUNTY OF CLARK       )

I, AdriAnne Carrier, a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), being first duly sworn on oath, depose and say:

## INTRODUCTION AND AFFIANT'S BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since November 2006. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I am currently assigned to the FBI Seattle Division's Vancouver Resident Agency in Vancouver, Washington, focusing on the investigation of organized crime, kidnapping, fraud, Civil Rights, public corruption, crimes against children/child exploitation, and other criminal matters.

3. Prior to transferring to the Vancouver Resident Agency in 2013 I was assigned to the FBI Boston Division, where I focused on the investigation of public corruption, Civil Rights, violent crime, and other criminal matters.

4. Since becoming a Special Agent I have received specialized training from the FBI to include completing a twenty-one week New Agent training course at the FBI Academy. I have also received training, including but not limited to, the investigation of financial crimes (to include money laundering and fraud), child exploitation, public corruption, Civil Rights, and child abduction recovery.

5. I have been assigned as the case agent or an investigator on multiple investigations involving missing/abducted children, both domestic and international.

6. I am investigating ESMERALDA LYNN LOPEZ LOPEZ (hereinafter LOPEZ) and others for the crime of International Parental Kidnapping in violation of Title

Affidavit of AdriAnne Carrier - 1
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18, United States Code, Section 1204(a). This affidavit is submitted in support of a Search Warrant to obtain buccal swabs from LOPEZ for the purposes of DNA kinship analysis. Obtaining DNA evidence from LOPEZ will allow the FBI to confirm the identity of A.L., which will be evidence of LOPEZ' violation of 18 U.S.C. 1204(a) as well as evidence of others in Mexico aiding and abetting the kidnapping.

7. LOPEZ is currently in custody at the Washington State Correction Center for Women, located at 9601 Bujacich Road NW, Gig Harbor, Washington 98332. She is scheduled to be released on May 13, 2021, after serving a state prison sentence.

8. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

9. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## PROBABLE CAUSE

### A. Termination of Parental Rights

10. Minor child A.L. is LOPEZ's biological child. LOPEZ lost physical custody of A.L. on May 8, 2018 after the State received allegations that LOPEZ physically, verbally, emotionally, and sexually abused A.L. The State of Washington was granted full custody of A.L. on that date with renewal of the decision in March 2019.

11. After LOPEZ lost physical custody of A.L., A.L. resided full-time with a foster family. LOPEZ was only allowed State-supervised visits.

12. LOPEZ' parental rights were permanently terminated on August 2, 2019.

13. On November 1, 2018 the Vancouver Police Department obtained and provided the FBI with official copies of LOPEZ' and A.L.'s birth certificates. Both birth certificates were issued in the United States. A.L.'s birth certificate lists LOPEZ as her

Affidavit of AdriAnne Carrier - 2
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

biological mother; no father is listed on the certificate and no known official document designates any paternity identification with respect to A.L.

14. Washington Department of Children, Youth and Families/Child Protective Services (hereinafter WA DCYF) terminated the rights of the father "John Doe" on August 2, 2019.

15. On or about September 12, 2019, WA DCYF Supervisor Jay Redmond advised the FBI that Carlos Isiac Ochoa Rojas (hereinafter Carlos Rojas) was A.L.'s purported biological father. Washington State does not possess any official document or proof of his paternity.

16. On September 25, 2020, WA DCYF Supervisor Redmond provided the FBI with Carlos Rojas' birth certificate (date of birth August 25, 1990, Michoacán, Mexico), his death certificate (date of death August 3, 2017, Michoacán, Mexico), and the official cover letter accompanying the documents from the Mexico Government.

B. **Kidnapping of A.L.**

17. On or about October 24, 2018, LOPEZ recruited multiple co-conspirators to kidnap, bind, and rob a third-party adult male of his vehicle and bank card as part of a plot to abduct A.L. and flee the country to Mexico.

18. On or about October 25, 2018, LOPEZ utilized the vehicle and bank card to abscond with A.L. during a visit supervised by Child Protective Services in Vancouver, Washington. A.L., a United States Citizen, was four years old at the time. LOPEZ (also a United States Citizen), along with a minor accomplice, drove A.L. from Vancouver, Washington directly into Mexico. The accomplice was subsequently arrested trying to reenter the United States from Mexico.

19. For nearly a year the FBI and Vancouver Police Department attempted to find both LOPEZ and A.L. in Mexico. On at least one occasion during that time, LOPEZ and/or A.L. were located through the use of sources and law enforcement techniques; however, LOPEZ and her then-boyfriend, Gabriel Santos Garcia (hereinafter Garcia), vacated the area with A.L. before law enforcement officials could recover her.

Affidavit of AdriAnne Carrier - 3
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. Through interviews and source information, law enforcement officials have learned that at some point during the first year after arriving in Mexico, LOPEZ and Garcia left A.L. at an unknown location in Michoacán, Mexico with Neivia "Monica" Rojas Rodriguez, also known as Neivia Allende Rohjas Rodriguez (hereinafter Monica Rodriguez), a woman purporting to be A.L.'s paternal grandmother. After leaving A.L., LOPEZ and Garcia traveled back to Puebla, Mexico where they reportedly lived until LOPEZ was arrested.

21. On September 11, 2019, LOPEZ was successfully located by the FBI in the State of Puebla, Mexico. She was subsequently taken into custody by Mexico immigration authorities and promptly deported and then extradited to Vancouver, Washington to face Washington State charges.

22. The FBI and partner law enforcement agencies in Mexico did not locate A.L. with LOPEZ at the time LOPEZ was apprehended.

C. **Washington State Charges**

23. On or around January 22, 2021, LOPEZ pleaded guilty in Clark County Superior Court to the crimes of kidnapping in the second degree, robbery in the second degree and custodial interference in the first degree. She was sentenced to 20 months imprisonment on Count I, 17 months imprisonment on Count II, and 12 months imprisonment on Count III; terms to run concurrently. She received credit for time served and is scheduled for release on May 13, 2021.

D. **Attempts to hide A.L.'s identity**

24. On or around September 28, 2020, FBI agents assigned to the FBI Legal Attaché Office based in Mexico City advised your affiant that the State Attorney General's Office for the State of Michoacán, Mexico, provided information regarding the following local investigation that was initiated after it received an official complaint from a Civil Registry Office Judge:

    a. On or around October 16, 2019, a group of individuals entered the Civil Registry Office located in Santiago Acuhuato, Apatzingán, Michoacán, Mexico to inquire

Affidavit of AdriAnne Carrier - 4
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

about registering (obtaining a birth certificate for) a minor female child described by Civil Registry Office employees as having a fair complexion and blue eyes.

    b. On March 7, 2020, the group returned to the Civil Registry Office in Santiago Acuhuato where they appeared before Civil Registry Judge Evangelina Maldonado Rodriguez (hereinafter Judge Rodriguez). The group inquired as to which documents were necessary to register a minor child. Judge Rodriguez informed the individuals of the requirements. The group subsequently left the Office only to return a few days later with the required forms to register and obtain a birth certificate for minor female child, "Karla Sofia Ochoa Chavez" (hereinafter Karla Chavez), date of birth December 12, 2013.

    c. Karla Chavez was listed on the paperwork as having been born in Mexico to mother, Cindy Ramona Chavez Rodriguez (hereinafter Cindy Rodriguez), and father, Carlos (Isiac Ochoa) Rojas. Carlos Rojas was listed as deceased. Based upon the communication the FBI received from the Attorney General's Office of Michoacán, Cindy Rodriguez and the minor child appeared to be present while the group met with Judge Rodriguez. Judge Rodriguez noted the child possessed "blond or light-colored hair," a "white complexion," and "colored eyes." The judge noted that these physical characteristics were unlike her purported mother.

    d. A.L. has a light complexion, blonde hair, and blue eyes according to the last known photos of her. Her date of birth is April 17, 2014.

    e. Judge Rodriguez also noted that one of the individuals accompanying Cindy Rodriguez and the group carried a "high-caliber rifle." The group advised Judge Rodriguez they were present on behalf of the criminal known as "The Rifle." The Rifle was known in the area to be the head of the local cartel. The Rifle is now known to authorities to be deceased. Judge Rodriguez noted that she found it "strange" that Cindy Rodriguez would present herself to the Office to register a child in the company of a suspect brandishing a high-caliber rifle.

Affidavit of AdriAnne Carrier - 5
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   f. Judge Rodriguez was compelled to sign the registration/birth certificate under duress. She subsequently and immediately reported the interaction to Mexico law enforcement authorities who opened a criminal matter.

25. The Attorney General's Office of Michoacán also advised the FBI that subsequent investigation of the incident involving Judge Rodriguez led to an interview of Cindy Rodriguez, who, after confronted by Mexico authorities, was not able to produce Karla Chavez, the minor child she registered.

26. Mexico officials later determined during the investigation that Cindy Rodriguez' mother is the sister of Monica Rodriguez, the purported paternal grandmother of A.L. Should that be the case, Cindy Rodriguez would be A.L.'s paternal cousin.[1]

27. On multiple dates, investigators for the Attorney General's Office of Michoacán conducted surveillance of residential addresses associated with the case, to include those presented on the registration paperwork submitted by Cindy Rodriguez.

28. On or around September 25, 2020, said surveillance led to a home in Apatzingán, Mexico where authorities believed Monica Rodriguez lived with A.L. The Mexico law enforcement officers observed a female and a minor female child described as being approximately four years of age with a "white complexion," blue eyes, approximately 3.25 feet tall, with short blond shoulder-length hair. The Mexico officials decided to depart the area briefly to confirm that the child was in fact A.L. before attempting to take her into custody but when they returned, the aforementioned individuals were no longer present at the home. Subsequent surveillance units did not observe the individuals at the home again.

29. Based upon numerous factors to include the physical characteristics of A.L. and Karla Chavez, their similar ages, their identical purported father, the situational familial ties, and the criminal necessity to obscure the identity and nationality of A.L. in order to

---

[1] Said interview of Cindy Rodriguez was documented by the Attorney General's Office of Michoacán as having been conducted on October 16, 2020; however, their documentation that mentioned her interview was dated September 22, 2020; therefore, it is this affiant's belief that an inadvertent typo occurred and the true date of Cindy Rodriguez' interview was October 16, 2019.

Affidavit of AdriAnne Carrier - 6
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

retain her in Mexico, Mexico investigators and the FBI believe that the minor child registered as Karla Sofia Ochoa Chavez is in fact A.L.

30. Cindy Rodriguez, Monica Rodriguez, and others yet unknown are believed to be violating 18 U.S.C. § 1204, wherein they criminally retained (and continue to retain) a minor child who had previously been present in the United States with the intent to obstruct the lawful exercise of parental rights. "Parental rights" is defined by statute as the right to physical custody of the child.

## BACKGROUND ON DNA

31. Based on my training and experience, I know that each human has his or her own Deoxyribose Nucleic Acid (DNA) markers, and that, since the inception of the use of DNA in forensic science, DNA analysis has been widely used. Humans may leave traces of their DNA in various forms, including but not limited to semen, sweat, blood, hair and saliva. Additionally, through my training and experience, I know that crime laboratories can identify the source of DNA obtained from a crime scene by the comparison of that DNA to the known DNA of person(s) from whom it may have originated.

32. I also know from my training and experience that crime and private DNA laboratories can make a statistical determination while examining two DNA samples as to the kinship of the samples, specifically, whether the two sources of DNA are related as biological mother/ biological child.

33. It is reasonable to assume that when A.L. is located and recovered, Mexico officials may require a positive identification based on evidence exceeding physical characteristics in order to cooperate in the return of A.L. (who is currently illegally residing in Mexico per her immigration status) to the United States.

34. Per DCYF Supervisor Redmond, no official fingerprints are known to exist for A.L. A DNA kinship analysis/maternity test proving LOPEZ is A.L.'s biological mother would assist the FBI in securing A.L.'s safe and expedited return to Vancouver, Washington.

35. While LOPEZ submitted to DNA collection following her convictions in Washington State, her DNA was reportedly submitted to CODIS. On May 6, 2021,

Affidavit of AdriAnne Carrier - 7
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Jeannette Wentworth, Supervisory Biologist, FBI Laboratory advised your affiant that an arrestee's DNA profile submitted to CODIS would not be a viable option for kinship/maternity testing due to policy and chain of custody requirements when DNA is collected. She advised that DNA samples subjected to a kinship examination by the laboratory required collection through either consent or a legally authorized search warrant.

36. In this case, it will be useful to compare the DNA of LOPEZ with DNA collected from "Karla Chavez" to confirm her maternity and therefore confirm Chavez' true identity. This match will provide evidence of LOPEZ' violation of 18 U.S.C. 1204(a) as well as evidence of others in Mexico aiding and abetting the kidnapping.

37. Based on my training and experience, I know that DNA is typically collected from a person by rubbing one or more long cotton swabs against the inner cheek of the mouth. The swabs are then preserved by being placed in a sterile container and sealed. If this search warrant application is approved, an FBI agent will follow these protocols by swabbing the inner cheek of LOPEZ with a long cotton swab, provided in a sterile form. The agent will then place the cotton swab in a sterile container and seal the container. The agent will then place the sterile container containing the swab into another container that will be sealed and sent to a crime and/or a private DNA laboratory for comparison.

//
//
//

Affidavit of AdriAnne Carrier - 8
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

38. Based on the above facts, I believe there is probable cause for the issuance of a search warrant for the buccal swabs of the person of ESMERALDA LYNN LOPEZ LOPEZ. If this search warrant is signed, then the seizure of LOPEZ pursuant to this search warrant will be limited to the swabbing of her inner cheek. I believe that the DNA analysis will provide valuable evidence material to this ongoing investigation into whether LOPEZ and others violated Title 18, United States Code, Section 1204(a). I therefore petition the Court for the issuance of a search warrant authorizing the buccal swabs of LOPEZ, for DNA evidence as described above.

_____
ADRIANNE CARRIER, Affiant
Special Agent, FBI

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 12th day of May, 2021.

_____
David W. Christel
United States Magistrate Judge

Affidavit of AdriAnne Carrier - 9
USAO 2020R00972

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970